**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1554-17T3

CYNTHIA FRAZIER,

     Plaintiff-Respondent,

v.

NEW JERSEY TRANSIT
CORPORATION, DEPARTMENT
OF TREASURY, DIVISION OF
RISK MANAGEMENT,

     Defendants-Appellants.

_____

Submitted November 15, 2018 – Decided  December 31, 2018

Before Judges Nugent and Reisner.

On appeal from Superior Court of New Jersey, Law Division, Essex County, Docket No. L-6065-17.

Gurbir S. Grewal, Attorney General, attorney for appellant (Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Marti B. Morris and Daniel M. Vannella, Deputy Attorneys General, on the brief).

Ahmed M. Screven, attorney for respondent.

PER CURIAM

This personal injury action is subject to the New Jersey Tort Claims Act (TCA), N.J.S.A. 59:1-1 to 12-3. Defendant, New Jersey Transit Corporation, appeals from a Law Division order that granted plaintiff Cynthia Frazier leave to file a late notice of claim pursuant to N.J.S.A. 59:8-9. The facts submitted on the motion record are undisputed. We conclude as a matter of law the trial court did not abuse its discretion in granting plaintiff leave to file a late notice of claim.

These are the undisputed facts on the motion record. Plaintiff was a passenger on a New Jersey Transit Bus that collided with another vehicle. The accident occurred on April 26, 2017. Because New Jersey Transit is a public entity, the TCA required plaintiff to serve New Jersey Transit with a notice of claim for her injuries "not later than the 90th day after the accrual of the cause of action." N.J.S.A. 59:8-8. The parties do not dispute plaintiff's cause of action accrued on the day of the accident. She thus had ninety days from that date, or until July 25, 2017, to file her claim.

On July 10, 2017, with fifteen days left in the ninety-day period for serving a claim, plaintiff served a notice of claim on the Department of Treasury, Division of Risk Management. Five days later — with ten days left in the initial ninety-day period — plaintiff's attorney received a telephone call from a

principal clerk in the Department of Treasury, Division of Risk Management, who said she wanted to know more about the New Jersey Transit bus accident involving plaintiff. Two days later, on July 17, during a telephone conversation, the clerk requested a copy of the police report of the accident. According to plaintiff's counsel, the clerk "stated to me that plaintiff's claim was filed against New Jersey Transit Corporation." On July 28 — three days after the initial ninety-day period had expired — the clerk emailed plaintiff's attorney, thanked him for providing the police report, informed him of the claim number that had been assigned to plaintiff's claim, and said a claims investigator would receive the claim by Monday, July 31.

Plaintiff next heard from the State on August 10, 2017, when she received from the assigned investigator a letter written two days earlier. The letter was not sent to her attorney. In the letter, the investigator rejected plaintiff's notice of claim. The investigator explained that New Jersey Transit Corporation was not a State department or agency, but rather a separate and distinct public entity that could sue and be sued. The letter continued: "In our opinion, Notice to the State of New Jersey or any State department is not notice to New Jersey Transit Corporation or any of its agencies or subdivisions and should not be construed to waive any of their rights under the New Jersey Tort Claims Act." The letter

A-1554-17T3

stated plaintiff should direct future inquiries to New Jersey Transit Corporation and provided that entity's address.

Plaintiff gave the letter to her attorney, who responded to the investigator and also filed a notice of claim with New Jersey Transit. On August 23, 2017, plaintiff filed a motion for leave of court to serve New Jersey Transit with a late notice of claim. The court granted plaintiff's motion and thereafter denied New Jersey Transit's motion for reconsideration.

On the order granting the motion, the court handwrote: "N.J.S.A. 59:8-9 allows for late filing of notice of claim." The appellate record includes neither a written decision nor a transcript of an oral decision. In an oral opinion denying New Jersey Transit's motion for reconsideration, the court distinguished an unpublished opinion cited by New Jersey Transit, and then explained:

> [The] plaintiff was served the notification from — from the Department of Treasury after — after approximately 80 — I think there were six days left before — before the 90 days ran. So for 84 days the Department of Treasury sat on their hands and provided [plaintiff's attorney] with no information as to whether or not they were the right party to receive the notice of claim.
>
> Once (indiscernible) party and the correspondence was ex-parte, which is usually not acceptable, but that's not before this [c]ourt, they served upon his client a letter saying that the claim was not valid. And within six days of that letter he served the notice of claim.

4

Your motion for reconsideration is denied.

On appeal, New Jersey Transit argues the trial court abused its discretion in finding that extraordinary circumstances warranted the grant of leave to plaintiff to file a late notice of claim. The argument is twofold: first, an attorney's ignorance or incompetence does not constitute an extraordinary circumstance that excuses the failure to file within the initial ninety-day period; second, plaintiff failed to demonstrate New Jersey Transit was not substantially prejudiced by plaintiff's delay in filing the notice of claim. We disagree.

Plaintiffs must comply with the TCA to pursue a personal injury action against a public entity. "A claim relating to a cause of action for death or for injury or damage to person or to property shall be presented . . . not later than the 90th day after accrual of the cause of action." N.J.S.A. 59:8-8. "Generally, in the case of tortious conduct resulting in injury, the date of accrual will be the date of the incident on which the negligent act or omission took place." Beauchamp v. Amedio, 164 N.J. 111, 117 (2000).

The TCA's purpose in requiring that a notice be filed within ninety days "is to 'compel a claimant to expose his intention and information early in the process in order to permit the public entity to undertake an investigation while witnesses are available and the facts are fresh.'" D.D. v. Univ. of Med. &

Dentistry of N.J., 213 N.J. 130, 146 (2013) (quoting Lutz v. Twp. of Gloucester, 153 N.J. Super. 461, 466 (App. Div. 1977)).

A claimant who does not file a notice of claim within the ninety-day period specified in N.J.S.A. 59:8-8 may, within one year after accrual of a claim, seek judicial permission to file a late notice of claim, provided the public entity "has not been substantially prejudiced." N.J.S.A. 59:8-9.

> Application to the court for permission to file a late notice of claim shall be made upon motion supported by affidavits based upon personal knowledge of the affiant showing sufficient reasons constituting extraordinary circumstances for [the] failure to file [a] notice of claim within the period of time prescribed by section 59:8-8 . . . or to file a motion seeking leave to file a late notice of claim within a reasonable time thereafter[.]
>
> [Ibid.]

The Supreme Court has noted that "[b]y its terms, the statute commits the authority to grant a plaintiff's motion for leave to file late notice 'to the sound discretion of the trial court, and [its decision] will be sustained on appeal in the absence of a showing of an abuse thereof.'" D.D., 213 N.J. at 147 (second alteration in original) (quoting Lamb v. Glob. Landfill Reclaiming, 111 N.J. 134, 146 (1988)). We generally defer to a trial court's factual determinations, but review a trial court's legal conclusions de novo. See ibid.

A-1554-17T3

Here, the trial court made no findings of fact or conclusions of law when it initially decided plaintiff's motion. A trial court is required "by an opinion or memorandum decision, either written or oral, [to] find the facts and state its conclusions of law thereon . . . on every motion decided by a written order that is appealable as of right." R. 1:7-4(a). "Final judgments of a court, for appeal purposes, shall . . . include . . . [a]n order granting or denying a motion to extend the time to file a notice of tort claim pursuant to N.J.S.A. 59:8-9." R. 2:2-3(a)(3). In addition, the trial court inaccurately noted the amount of time the Department of Treasury, Division of Risk Management delayed before its investigator informed plaintiff the notice was misfiled. However, the trial court's miscalculation does not change the result here. We conclude the trial court did not abuse its discretion in granting plaintiff's motion.

The Supreme Court "in a variety of contexts [has] insisted that governmental officials act solely in the public interest. In dealing with the public, government must 'turn square corners.'" F.M.C. Stores Co. v. Borough of Morris Plains, 100 N.J. 418, 426 (1985) (quoting Gruber v. Mayor & Twp. Comm. of Raritan Twp., 73 N.J. Super. 120 (App. Div. 1962)). The facts of this case are inconsistent with that precept. Here, within the initial ninety-day time period for filing a claim, the Department of Treasury, Division of Risk

Management informed plaintiff's attorney the claim had been properly filed against New Jersey Transit. That misinformation was not corrected before the expiration of the ninety-day period for filing a claim. Under those circumstances, we conclude as a matter of law plaintiff demonstrated sufficient reasons constituting extraordinary circumstances for failure to file the notice of claim within the initial ninety-day period.

New Jersey Transit emphasizes that ignorance of its statutory status as a sue-and-be-sued entity does not constitute extraordinary circumstances. New Jersey Transit also emphasizes it was under no obligation to inform plaintiff she filed the claim against the wrong public entity.

There are conceptual problems with New Jersey Transit's arguments. First, as previously noted, the purpose of the claim notification is to provide a public entity with prompt notice so it can adequately investigate a claim and then administratively review it with the opportunity to settle meritorious claims. We fail to discern why one public entity, knowing a claimant has filed a notice against the wrong party, would not want to correct that misapprehension so the proper public entity could be notified and promptly investigate, administratively review, and have the opportunity to settle meritorious claims. Nonetheless, we need not address that issue.

Here, one public entity, albeit likely inadvertently, misled a claimant into believing the claim had been properly filed. The public entity took no action to disabuse claimant of the misapprehension in time to serve the proper public entity. We hold only that under these narrow circumstances, extraordinary circumstances supported claimant's motion to file a late notice of claim.

New Jersey Transit's argument that plaintiff did not demonstrate the absence of substantial prejudice is without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). We add only that the motion record referenced the police report of the investigation into the accident. The accident having been investigated, and New Jersey Transit having failed to explain why such investigation was somehow inadequate, we find no merit in this argument.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1554-17T3